Baron J. Drexel, CBN 132529
Law Offices of Baron J. Drexel
212 Ninth Street, Suite 401
Oakland, California 94607
Telephone: (510) 444-3184
Facsimile: (510) 444-3181
E-mail: drexlex@sbcglobal.net

Attorney for Debtors/Defendants

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BETTE CARR-WALTON, JAMES WALTON, WALTON & WALTON REAL ESTATE COMPANY,<br>            Debtors. | Case No. 08-32217<br>   (Chapter 7)<br>Adversary Case No. 09-03068<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS<br><br>Hearing Date: July 17, 2009<br>         Time: 9:30 a.m.<br>         Dept.: Courtroom 23 |
| WILTON MARSHALL, JR. and WILLIE MAE MARSHALL,<br><br>            Plaintiffs,<br><br>vs.<br><br>BETTE CARR-WALTON, JAMES WALTON, WALTON & WALTON REAL ESTATE COMPANY, and DOES 1 to 10, inclusive,<br><br>            Defendants. | |

## Introduction

Defendant debtors bring this motion to dismiss because the adversary complaint fails to state allegations sufficient to state a claim upon which relief may be granted. This is not a fraud case. Plaintiffs are parents who bought a home from their daughter. They are unhappy because the mortgage is expensive and the present price is low. The property, like almost all real estate in today's market has declined in value. Other than conclusory allegations found in a complaint which is incorporated into the subject complaint, there are no facts stating fraud. We submit that not only is the complaint legally defective but that it is brought in violation of Rule 11. The entire transaction was between family members. Indeed, the agent in the transaction was the plaintiffs' son who was employed by the defendants.[1] The fact that the real estate market was "inflated" at the time of the subject transaction, that interest rates were higher in 2007 than at an earlier time or now, that the property is not now worth what was paid, and that there is a prepayment penalty in the mortgage are not facts which state a claim upon which relief may be granted. The pleaders' use of adjectives or conclusary allegation does not rescue the complaint from its deficiencies.

## Statement of Facts

The Adversary complaint, in paragraph 3, alleges that "Defaults have been entered against Debtors herein…The state court case was set for a 'prove-up' hearing; however, these Debtors filed their Bankruptcy Petition before that could occur."

---

[1] California practice has no comparable duty to Rule 11. We attach a copy of the sales transaction. As the court will note, the son was the agent in the transaction.

Memorandum Re Motion to Dismiss

2

The Adversary complaint, in paragraph 3, alleges that "the allegations of Plaintiff's state court complaint, including those alleging fraud, have been established and proven such that Plaintiff's claims against these defendants are exempt from dischargeability."

The Adversary complaint alleges, at paragraph 3, that "[t]he Plaintiffs are elderly and retired and did not understand they were being involved in a purchase and sale transaction."

The State court complaint is attached and incorporated into the Adversary complaint.

The State court complaint alleged, in paragraph 3, that plaintiffs were induced to buy their daughter's property based on the assertion that she would lose her property if they didn't purchase it. The complaint further alleges that the daughter "tried to tell her parents they did not need to do anything."

In paragraph 3 of the State court complaint, the allegations are that the plaintiffs bought their daughter's property "at an inflated price" and "Plaintiffs now own a property which is not worth what they paid."

## Legal Argument

**A.**   *Collateral Estoppel Requires A Final Judgment*

Here, plaintiffs plead that they obtained a clerk's default and therefore have a nondischargeable claim. This assertion is false. This Circuit in In re Harmon (2001) 250 F. 3d 1240 considered whether the bankruptcy court should have given precursive effect to an issue raised in a prior state court action. The Harmon court held that the State court's treatment of the issue did not meet the California threshold requirement for the application of collateral estoppel

and reversed. The court reasoned that the preclusive effect of a state court judgment in a subsequent bankruptcy court proceeding is determined by the preclusion law of the state in which the judgment was issued. The court observed that California courts will apply collateral estoppel only if certain threshold requirements are met and then only if preclusive supports public policy. The court found that there were five requirements under California law. Pertinent to the instant case, the fourth requirement is that decision in the former proceeding must be final and on the merits. Harmon, at 1247 (*citing* Lucido v. Superior Court 51 Cal.3d 335)   That is to say, there must be a final judgment. *See also*, Ferraro v. Camarlinghi (6th DCA 2008) 161 Cal.App.4th 509, 537 (the prior adjudication must have resulted in a valid judgment on the merits and that judgment must be final) (*omitting citations*).

   *B.  There Is No Fraud Claim Under §523 Stated*

   The caption page states that plaintiff is proceeding pursuant to §523(a)(2) and §523(a)(4); however, in the body of the complaint, the allegation is that "the conduct constitutes fraud under §523."

   Section 523(a)(2) excepts from discharge "any debt for money, property, services or an extension, renewal or refinancing of credit, to the extent obtained by false pretenses, a false representation or actual fraud, other than a statement respecting the debtor's or an insider's financial condition."

   Assuming the allegations in the complaint to be true, the complaint fails to state a claim upon which relief may be granted. While there is allegation that defendants received a brokerage commission for the sale of property from the daughter to parents, there is no allegation that they obtained their brokerage commission through fraud.   While the complaint alleges that the

parents did not know they were buying the property, the exhibit to the complaint negates such proposition. It alleges that "unless they [plaintiffs] took action, their daughter would lose the Property…KAREN MARSHALL tried to tell her parents that they did not need to do anything, but Defendants… convinced plaintiffs that they had to act or their daughter would lose the Property." What would action would the parents be doing if not buying the property? Ignoring the fact that two lenders were involved and these plaintiffs signed extensive loan documents indicating a purchase and a purchase agreement, the daughter told her parents that they did not have to buy the property. Where's the fraud?

The conclusory allegation that the sale price was "inflated" is meaningless. Plainly, the prices of 2 years ago were "inflated." There is no allegation that the price exceeded fair market value and that defendants caused buyers to pay a higher price through fraud. That the interest rate on the purchase was higher than existed on a mortgage that the daughter had obtained when she purchased the property does not establish fraud There is no allegation that defendants deceived the plaintiffs about the interest rate Interest rates normally change over time. Nor is the fact that there is a prepayment clause in the mortgage a fraud.

A Section 523(a)(4) claim is not stated either. While a broker/principal relationship is a fiduciary relationship, the only allegation made here is that a disclosure form was not done indicating that defendants represented both sides. Ignoring the fact that the purchase agreement clearly spells out that the agent is for both sides and that the agent involved was the plaintiffs' son, there is no allegation that plaintiffs did not know that defendants were brokering for both sides or that this ignorance caused them harm. Merely saying that someone is a "swindler" or that the defendants committed fraud does not state a claim for fraud as a fiduciary.

## Conclusion

For all of the above reasons, we request that the Court dismiss the complaint and that the Court further grant such other and further relief as is just and proper.

Dated: May 22, 2009                    LAW OFFICES OF BARON J. DREXEL

                                       By:___/s/ Baron J. Drexel_____
                                           Baron J. Drexel
                                           Attorney for the Debtors