

**Signed and Filed: July 16, 2009**

_____
**THOMAS E. CARLSON
U.S. Bankruptcy Judge**
_____

**UNITED STATES BANKRUPTCY COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re<br><br>BETTE JO CARR-WALTON and<br>JAMES WALTON, JR.,<br><br><br>Debtors.<br>_____<br>WILTON MARSHALL, JR. and<br>WILLIE MAE MARSHALL,<br><br>Plaintiffs,<br><br>vs.<br><br>BETTE CARR-WALTON, JAMES WALTON,<br>JR., WALTON & WALTON REAL ESTATE<br>COMPANY,<br><br><br>Defendants.<br>_____ | Case No: 08-32217 TEC<br><br>Chapter 7<br><br><br><br><br><br>Adv. Proc. No. 09-3068 TC<br><br><br><br><br><br>Date: July 17, 2009<br>Time: 9:30 a.m.<br>Ctrm: Hon. Thomas E. Carlson<br>     235 Pine St., 23rd Fl.<br>     San Francisco, CA |

**TENTATIVE RULING REGARDING DEFENDANTS' MOTION TO DISMISS**

    For the following reasons, the court is inclined to grant the motion to dismiss the section 523(a)(4) claim, to deny the motion to dismiss the section 523(a)(2)(A) claim, and to strike Plaintiffs' jury trial demand.

    The clerk's default entered in the state-court action styled as *Marshall v. Walton*, San Francisco Sup. Court Case No. CGC-07-

-1-

469938 (the State-Court Action) has no collateral estoppel effect in this bankruptcy proceeding because, *inter alia*, it appears no judgment was entered in the State-Court Action. <u>E.g.</u>, <u>In re Harmon</u>, 250 F.3d 1240 (9th Cir. 2001).

<u>523(a)(4) claim</u>. Defalcation by a fiduciary duty requires something more than a breach of a general fiduciary obligation imposed by state law. <u>In re Evans</u>, 161 B.R. 474, 478 (9th Cir. BAP 1993). The debt alleged to be non-dischargeable must arise from a breach of trust obligation imposed by law. <u>Id.</u> at 477. In addition, the requisite trust relationship must exist prior to and without reference to the act of wrongdoing. <u>Id.</u> Here, Plaintiffs fail to state a claim under 523(a)(4), because there is no allegation that a trust relationship existed prior to, and without reference to, the act of wrongdoing. Nor is there any allegation that Debtors, as real estate brokers, received property from Plaintiffs for a specific purpose. Absent such allegations, Plaintiffs have failed to state a claim under 523(a)(4) upon which relief may be granted. <u>Evans</u>, 161 B.R. at 477-78.

<u>523(a)(2)(A) claim</u>. It appears that Plaintiffs have stated an actionable claim under section 523(a)(2)(A) because the elements of a fraud claim are either expressly alleged, or may be reasonably inferred from the complaint. <u>In re Lane</u>, 937 F.2d 694, 698 (1st Cir. 1991). The elements of a claim for fraudulent misrepresentation under section 523(a)(2)(A) are: (1) a representation of fact by the debtor, (2) that the debtor knew at the time to be false, (3) that the debtor made with the intention of deceiving the creditor, (4) upon which the creditor justifiably relied, and (5) that damage proximately resulted from the

Case: 09-03068  Doc# 9  Filed: 07/16/09  Entered: 07/17/09 09:55:56  Page 2 of 4

misrepresentation.  <u>Field v. Mans</u>, 516 U.S. 59, 73-75 (1995); <u>Apte v. Japra (In re Apte)</u>, 96 F.3d 1319 (9th Cir. 1996).

The complaint alleges that Debtors made a false representation to Plaintiffs' that, unless they took action, their daughter would lose her real property.  The complaint alleges that this statement was false, and that Debtors' motive in making this statement was to earn commissions.  The complaint alleges that Plaintiffs are elderly and retired, and did not understand they were involved in a purchase and sale transaction.  The complaint alleges that, at the time of the transaction, the property had a mortgage of $300,000 and that Debtors caused Plaintiffs to purchase the property at an inflated price of $550,000, using two loans with pre-payment penalties and interest rates of 8 percent and 10 percent.  The complaint alleges, *inter alia*, that Debtors are unable to sell or refinance the property, and must continue making mortgage payments they cannot afford.  The complaint alleges Plaintiffs were damaged by Debtors actions.  From the facts alleged in the complaint that Plaintiffs are elderly and did not understand the transaction, an inference can be drawn that Plaintiffs reliance on Debtors' false statements was justifiable.  Accordingly, it appears that Plaintiffs have alleged facts sufficient under section 523(a)(2)(A).  <u>Lane</u>, 937 F.2d at 698.

The court notes that the facts alleged may also support a claim under section 523(a)(6).

Plaintiffs have demanded a jury trial.  There is no constitutional right to a jury trial in a nondischargeability proceeding.  <u>In re Locke</u>, 205 B.R. 592, 600 (9th Cir. BAP 1996).

**\*END OF TENTATIVE RULING\*\***

| | |
|---|---|
| 1 | |
| 2 | **Court Service List** |
| 3 | |
| 4 | |
| 5 | Martin Glickfeld, Esq.<br>Law Offices of Martin Glickfeld<br>2133 Lombard at Fillmore |
| 6 | San Francisco, CA 94123 |
| 7 | Baron J. Drexel, Esq.<br>Law Offices of Baron J. Drexel |
| 8 | 212 9th Street, Suite 401<br>Oakland, CA 94607 |
| 9 | |
| 10-28 | |