Baron J. Drexel, CBN 132529
Law Offices of Baron J. Drexel
212 Ninth Street, Suite 401
Oakland, California 94607
Telephone: (510) 444-3184
Facsimile: (510) 444-3181
E-mail: drexlex@sbcglobal.net

Attorney for Debtors/Defendants

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>BETTE CARR-WALTON, JAMES WALTON, WALTON & WALTON REAL ESTATE COMPANY,<br>            Debtors.<br><br>WILTON MARSHALL, JR. and WILLIE MAE MARSHALL,<br><br>            Plaintiffs,<br>vs.<br><br>BETTE CARR-WALTON, JAMES WALTON, WALTON &  WALTON REAL ESTATE COMPANY, and DOES 1 to 10, inclusive,<br><br>            Defendants. | Case No. 08-32217<br>    (Chapter 7)<br>Adversary Case No. 09-03068<br><br>DEFENDANTS' STATUS CONFERENCE  STATEMENT<br><br>Hearing Date: August 28, 2009<br>         Time: 9:30 a.m.<br>         Dept.: Courtroom 23 |

This Statement is filed by defendants. Defendants' counsel was unavailable and did not have opportunity to respond to plaintiffs' proposed Statement. Defendant, therefore, files this unilateral statement.

**I. Jurisdiction and Service**

There are no issues.

**II. Facts**

Plaintiffs purchased a house from their daughter. Their son was the salesperson in the transaction. Bette Carr-Walton was the broker for whom the son worked. Plaintiffs aver that they are elderly unsophisticated people who bought a property because of Walton's misrepresentations. Plaintiffs aver that Walton acted as mortgage broker and that an above-rate mortgage was done and the sale was unnecessary. Plaintiffs say that they got no benefit from the sale, that their daughter did not need to sell her house, that her daughter received no benefit. Plaintiffs claim that the sale paid off a creditor who did not ask for payment.

Defendants maintain that James Walton had previously listed the property and that the seller, the daughter had terminated him, that the plaintiffs' son put together a deal of a sale between daughter and parents and that the broker is not an insurer of market conditions which turned out to be a devaluation in the real estate market and changed loan conditions. Plaintiffs were presented the loan documents and had plenty of opportunity to review them and did review them with lender. Defendants maintain that they made no misrepresentations. Defendants maintain that the sale was a transaction in which the parents were trying to bring together their family through the sale and that defendants did not cause the sale to occur, that there was no justifiable reliance upon defendants and that broker is not a guarantor of a declining market.

Defendants have answered the complaint but have had difficulty filing the answer and also filing a third party complaint against the owner and salesman, the daughter and son of plaintiffs.

Plaintiffs do not now know what the amount of damages they claim. They are stuck with mortgages and want to sell the property and be free from obligations.

**III. Legal Issues**

James Walton was neither salesman nor broker and therefore not liable. Defendants do not believe that there is fraud nor cognizable injury.

**IV. Motions**

There is no pending motion. Defendants intend on filing a motion for summary judgment.

**V. Discovery**

Defendants submit that discovery should proceed pursuant to Federal Rule of Civil Procedure 26 and 29-37. Defendants do not believe that a Rule 26(f) discovery conference is necessary in this matter, and the parties should simply proceed with initial disclosures.

Defendants have produced the purchase contract and will provide the closing documents to plaintiffs. Defendants would like the home addresses of the son and daughter of plaintiffs. Plaintiff's counsel disclosed that there is a witness to the misrepresentations but has not furnished the name, address or phone number of such witness. Plaintiff has not provided any documents. Defendants would like plaintiffs to produce documents in support of their case.

The parties discussed taking depositions.

**VI. Scheduling**

The parties agree to a March trial date and that discovery and motion scheduling should be based upon working from a March 10, 2010 trial date.

Dated: August 26, 2009                LAW OFFICES OF BARON J. DREXEL

                                     By:___/s/ Baron J. Drexel_____
                                           Baron J. Drexel
                                           Attorney for the Debtors